IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

_____

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                Plaintiff,

   v.                              Civil Action No. _____

HOB-LOB, LIMITED PARTNERSHIP,       **C O M P L A I N T**
d/b/a Hobby Lobby,

                Jury Trial Demand

                       Defendant.
_____

## NATURE OF THE ACTION

      This is an action against Hob-Lob, Limited Partnership, d/b/a Hobby Lobby ("Hobby

Lobby") under Title I of the Americans with Disabilities Act of 1990 ("ADA") to correct

unlawful employment practices on the basis of disability and to provide appropriate relief to Julie

Tufts, who was adversely affected by such practices.  From January 2006 forward, Hobby Lobby

failed and refused to provide Julie Tufts with a reasonable accommodation for her disability,

resulting in her discharge.

## JURISDICTION AND VENUE

      1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the

Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by

reference Section 706 of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §

2000e-5.

2.      The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Minnesota, and the employment records relevant to such practices are maintained and administered in the District of Minnesota.

## PARTIES

3.      The Plaintiff, the Equal Employment Opportunity Commission (the "EEOC"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Hobby Lobby has continuously been an Oklahoma Limited Partnership,  doing business in the State of Minnesota, maintaining its stores and operations in the State of Minnesota, and has continuously had at least 15 employees.

5.      At all relevant times, Hobby Lobby has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.      At all relevant times, Hobby Lobby has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.      More than thirty days prior to the institution of this lawsuit, Tufts filed a charge with the EEOC alleging violations of Title I of the ADA by Hobby Lobby.  All conditions

precedent to the institution of this lawsuit have been fulfilled.

8.      Tufts is a qualified individual with a disability within the meaning of Section 3, 42 U.S.C. §12102, and Section 101, 42 U.S.C. § 12111, of the ADA.

9.      Tufts has physiological impairments which substantially limits a number of Tufts's major life activities, including without limitation, her major life activities of walking.

10.     From June 2005 to April 2006, Tufts was an employee of Hobby Lobby in its Rochester, MN, facility.

11.     Hobby Lobby refused to reasonably accommodate Tufts' disability and discharged her in 2006.

12.     Since at least 2006,  Hobby Lobby has engaged in unlawful practices in violation of Section 102 of the ADA, 42 U.S.C. §12112.   Hobby Lobby failed and refused to provide reasonable accommodation to Tufts's known limitations, including but not limited to failing and refusing to allow Tufts to use her wheelchair to ambulate in its store.

13.     Hobby Lobby refused to accommodate Tufts' disability because it purportedly determined that Tufts' restrictions were not "permanent."   Hobby Lobby's policy and/or practice of refusing to accommodate individuals with disabilities, including Julie Tufts, unless the individuals' restrictions are "permanent," violates Section 102 of the ADA, 42 U.S.C. §12112.

14.     Hobby Lobby discharged Tufts as a result of its failure to provide her with a reasonable accommodation and based on her disability in violation of 42 U.S.C. §12112(a) and 12112(b)(5) .

15.     Tufts could have performed the essential functions of her job had Hobby Lobby provided her with reasonable accommodation.

16.     Providing Tufts with a reasonable accommodation would not have imposed an undue hardship upon Hobby Lobby.

17.     The effect of the practices complained of above has been to deprive Tufts of equal employment opportunities and otherwise adversely affect her status as an employee of Hobby Lobby, because of her disability.

18.     The unlawful employment practices complained of above were intentional.

19.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Tufts.

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant Hobby Lobby Stores, Inc., its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability.

B.     Order Defendant Hobby Lobby Stores, Inc., to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant Hobby Lobby Stores, Inc. to make whole Julie Tufts, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement of Julie Tufts.

D.     Order Defendant Hobby Lobby Stores, Inc., to make whole Julie Tufts by

providing compensation for past and future pecuniary losses resulting from its unlawful employment practices, including in amounts to be determined at trial.

      E.    Order Defendant Hobby Lobby Stores, Inc. to make whole Julie Tufts by providing compensation for past and future nonpecuniary losses resulting from its unlawful practices, in amounts to be determined at trial.

      F.    Order Defendant Hobby Lobby Stores, Inc. to pay Julie Tufts punitive damages for its malicious and reckless conduct, in amounts to be determined at trial.

      G.    Grant such further relief as the Court deems necessary and proper in the public interest.

      H.    Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

    EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

    Ronald S. Cooper
    General Counsel

    James L. Lee
    Deputy General Counsel

    1801 L Street, N.W.
    Washington, DC 20507

Date:  9/22/2008                       s/John C. Hendrickson
                                          John C. Hendrickson
                                          Regional Attorney

Jean P. Kamp
Associate Regional Attorney

Chicago District Office
500 West Madison Street, Suite 2800
Chicago, Illinois  60601
(312) 353-8551

Date:  September 22, 2008          s/Laurie A.Vasichek
Laurie A. Vasichek
Senior Trial Attorney
Minn. Bar No. 171438

Minneapolis Area Office
330 Second Avenue South, Suite 430
Minneapolis, Minnesota  55401
(612) 335-4061

6